In Re: Appeal of Emily S. Belding from the Bucks County Board of Assessment and Revision of Taxes etc.  Emily S. Belding, Appellant.

Submitted on briefs June 6, 1983 to President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*Robert F. Ruehl, Ruehl & Blackman,* for appellant.

*Martin J. King,* for appellee.

Opinion by Judge Barbieri, July 22, 1983:

Emily S. Belding (Appellant) appeals here from an order of the Court of Common Pleas of Bucks County affirming a decision of the Bucks County Board of Assessment and Revision of Taxes (Board) which denied Appellant's request for a revision of her personal property tax assessment. We affirm.

Section 3 of the State Personal Property Tax Act (Act), Act of June 22, 1935, P.L. 414, *as amended,* 72 P.S. §3244, provides in pertinent part as follows:

> All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident, whether such personal property be owned, held or possessed by such resident in his own right, or as active trustee . . . or by any resident as trustee . . . jointly with one or more trustees . . . domiciled in another state where such personal property is held and managed in this Commonwealth, or in any other capacity, except as executor or administrator of the estate of a nonresident decedent, and *except* as trustee for a resident or nonresident religious, charitable or educational organization, no part of the net earnings of which inures to the benefit of any private stockholder or individual, for the use, benefit or advantage of any other person, copartnership, unincorporated association, company, joint-stock company or association, limited partnership, bank or corporation, *and the equitable interest in any such personal property of the classes hereinafter enumerated, owned, held or possessed by any resident,*

*where the legal title to such personal property*
*is vested in a trustee . . . domiciled in another*
*state . . . and where such resident is entitled to*
*receive all or any part of the income therefrom,*
is hereby made taxable annually. . . . (Emphasis added.)

In 1971, Bucks County assessed a four mill personal property tax against Appellant's equitable interest in the income from a Florida based trust managed by a nonresident trustee, pursuant to Section 3 of the Act, and Appellant subsequently appealed this assessment to the Board alleging that her equitable interest in the income of the trust was not taxable. This appeal was denied, and a further appeal was taken to the court of common pleas which, after a further hearing, affirmed the Board's determination. The present appeal followed.

Before this Court, Appellant once again alleges that Section 3 of the Act does not permit the taxation of an equitable interest in the income from an out-of-state trust. Specifically, Appellant alleges that the word "except" italicized in the portion of Section 3 set forth above specifically exempts such equitable interests from taxation. We disagree.

We believe that it is clear from even a cursory reading of Section 3 of the Act that the word "except" referred to by Appellant simply exempts from taxation, with certain exceptions, any interest trustees of religious, charitable or educational organizations might have in the assets of such organizations, and does not refer to the following clause referring to equitable interests. Our decision in this respect is bolstered by the fact that if we were to accept Appellant's interpretation of the statute, the final paragraph of Section 3, relating to the valuation of equitable interests, would be rendered meaningless. *See*

Section 1922(2) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(2).

Moreover, our Supreme Court has specifically held that an equitable interest in the income of an out-of-state trust is taxable under the provisions of Section 3 of the Act concluding, in a case involving a Pennsylvania resident who had a personal property tax assessed against her right to receive income for life from a New York trust, that "[w]e find no difficulty in arriving at the conclusion that [Section 3 of the Act] was intended to include and does include, by the phrase 'the equitable interest in any such personal property,' such an estate as that enjoyed by appellee in the fund created by her mother, and that that estate is taxable. . . ." *Commonwealth v. Stewart*, 338 Pa. 9, 16-17, 12 A.2d 444, 448 (1940). Therefore, we find no merit in Appellant's assertion to the contrary.

Appellant finally contends, without explaining her legal theory in her brief to this Court, that Section 3 of the Act is somehow invalid because out-of-state trustees allegedly cannot be compelled by the beneficiaries of the trust to disclose how the trust assets are invested, and hence, beneficiaries may be unable to determine how much of their income is derived from the tax free instruments. Whatever, if any, merit there may be in this argument, however, Appellant has no standing to raise this issue here, since the record shows that Bucks County based its calculations on the reduced figures requested by the Appellant herself.

ORDER

Now, July 22, 1983, the order of the Court of Common Pleas of Bucks County docketed at No. 81-10022 and dated June 7, 1982, is affirmed.